UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL A. BLANCO, | ) Case No.: 1:13-cv-01235-SAB (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | ) |
| KENT THIRY, et al., | ) |
| Defendants. | ) |

Plaintiff Manuel A. Blanco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for appointment of counsel, filed May 19, 2014.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id.  (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's limited access to the law library, lack of education, and reliance on fellow inmate assistance do not demonstrate exceptional circumstances.  The Court is faced with cases brought by prisoners in similar circumstances almost daily.  See, e.g., West v. Dizon, No. 2:12-cv-01293 DAD P, 2014 WL 114659, at *4 (E.D. Jan. 9, 2014) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, to not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel").  Plaintiff is proceeding on an Eighth Amendment claim of deliberate indifference against a single defendant.  Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  See Montano v. Solomon, No. 2:07-cv-00800 KJN P, 2010 WL 413747, at *7 (E.D. Cal. Oct. 19, 2010) (denying motion for appointment of counsel because "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case").  Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Based on the foregoing, Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **May 21, 2014**

UNITED STATES MAGISTRATE JUDGE