**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL A. BLANCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAN RICABLANCA,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01235-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND DIRECTING PLAINTIFF TO FILE A RESPONSE TO DISCOVERY REQUESTS<br><br>[ECF No. 24] |

Plaintiff Manuel A. Blanco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Dan Ricablanca.

Defendant filed an answer to the complaint on October 21, 2014, and the discovery and scheduling order was issued on October 24, 2014. (ECF Nos. 22, 23.)

Now pending before the Court is Defendant Ricablanca filed a motion to compel, filed May 29, 2015. Plaintiff did not file an opposition, and the motion is deemed submitted for review. Local Rule 230(*l*).

///

## II.

## DISCUSSION

### A. Legal Standard

Plaintiff is proceeding pro se and at the time the complaint was filed he was a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order). However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good

1  faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern
2  Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).

3      **B.**    **Motion to Compel**

4      1.    <u>Response to Defendant's Discovery Requests</u>

5      Pursuant to the Court's discovery and scheduling order, the deadline for completion of all
6  discovery, including the filing of all motions to compel discovery, was June 24, 2015.

7      On March 17, 2015, defense counsel served Plaintiff with special interrogatories and request
8  for production of documents.  (ECF No. 24-2, Declaration of Kimberlei D. Evans ¶ 2.)  Pursuant to
9  this Court's discovery order, responses to Defendant's discovery requests were due 45 days from the
10 date of service.  Defense counsel declares that Plaintiff failed to serve responses to the discovery.  (Id.
11 ¶ 5.)  In addition, on April 28, 2015, defense counsel served Plaintiff with a notice of deposition.  (Id.
12 ¶ 4.)  Plaintiff failed to appear at his deposition.  (Id.)

13     Defense counsel declares that prior to the date of Plaintiff's deposition, Plaintiff did not
14 contact her office via telephone or written correspondence to request the deposition to be rescheduled
15 or advise that he would not appear.  (Id. ¶ 6.)  Counsel was also unable to contact Plaintiff because a
16 telephone number was not provided to the Court, and other efforts to obtain a telephone number for
17 Plaintiff were not successful.  (Id.)  On May 7, 2015, defense counsel sent Plaintiff a "meet and
18 confer" letter as a good faith attempt to obtain the discovery without court intervention.  (Id. ¶ 7.)
19 However, Plaintiff did not respond to the letter and to date counsel has received no discovery
20 responses.  (Id.)

21     The Court has reviewed the special interrogatories and request for production propounded by
22 Defendant to Plaintiff.  The Court finds the discovery requests are both relevant and appropriate, and
23 because Plaintiff has failed to provide any explanation or justification for his failure to respond to this
24 requests, Defendant's motion to compel shall be granted.  Plaintiff will be directed to provide
25 responses to all of the interrogatories and requests for production within thirty days from the date of
26 service of this order.

27 ///
28 ///

### 2. Imposition of Monetary Sanctions

Defendant also seeks the imposition of monetary sanctions in the amount of $2,312.50, for Plaintiff's failure to comply with the discovery rules. Rule 37 of the Federal Rules of Civil Procedure provides that the failure to respond to discovery requests and/or attend a noticed deposition may subject the litigant to sanctions, including the payment of reasonable expenses in the form of attorney's fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). Defense counsel declares that "[a]s a result of Plaintiff's failure to cooperate in the discovery process, it is anticipated that defendant will incur $2,312.50 in costs in having to bring this motion to compel." (Declaration of Kimberlei D. Evans ¶ 9.) Counsel's billable hourly rate for Defendant is $185.00, and counsel spent 3 hours in preparing the instant motion ($555.00); .5 hours (anticipated) for preparation of a reply ($92.50); 8 hours (anticipated) roundtrip travel for the hearing on the motion ($1.480.00), and 1 hour (anticipated) for attendance at the hearing on the motion ($185.00), totally $2,312.50. (Id. ¶ 9.)

Because Plaintiff is proceeding pro se and in forma pauperis in this action, and defense counsel did not incur expenses in filing a reply, and traveling and attending a hearing on the instant motion, the Court finds an award of monetary sanctions at this time would be unjust. Thus, the Court shall deny Defendant's request for monetary sanctions. However, the Court reminds Plaintiff that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff filed the instant action and he is bound by the rules governing the prosecution of the case. Therefore, Plaintiff is forewarned that failure to comply with this order and respond to the written discovery (and any future failure to attend a noticed deposition) may result in monetary sanctions, evidentiary sanctions, and/or dismissal of the case. Fed. R. Civ. P. 11 & 37; Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (court's "inherent" power to impose sanctions); Local Rule 110.

///
///
///
///

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel is GRANTED, and within thirty (30) days from the date of service of this order, Plaintiff shall file a response to Defendant's special interrogatories and production of documents;
2. Defendant's request for monetary sanctions is DENIED, without prejudice; and
3. Plaintiff's failure to comply with this order may result in imposition of monetary sanctions, evidentiary sanctions, and/or dismissal of the action.

IT IS SO ORDERED.

Dated: **August 7, 2015**

UNITED STATES MAGISTRATE JUDGE