UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL A. BLANCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAN RICABLANCA,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01235-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL OF THE ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[ECF No. 26] |

　　　　Plaintiff Manuel A. Blanco is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge.  (ECF Nos. 5, 27.)

　　　　On March 11, 2016, Defendant filed a motion for evidentiary sanctions and/or dismissal of the action for Plaintiff's failure to comply with the Court's order granting Defendant's motion to compel. (ECF No. 26.)  On March 14, 2016, the Court directed Plaintiff to file a response within thirty days to Defendants' motion for evidentiary sanctions and/or dismissal of the action.  (ECF No. 28.)  The thirty day time frame has expired and Plaintiff did not file a response or otherwise communicate with the Court.

　　　　The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. The Court's March 14, 2016, order specifically advised Plaintiff that failure to comply with the order would result in dismissal of the action for failure to prosecute and comply with a court order. (ECF No. 28.) Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to obey a court order and failure to prosecute. The Clerk of Court is directed to enter judgment.

IT IS SO ORDERED.

Dated:   **April 27, 2016**

UNITED STATES MAGISTRATE JUDGE